Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Apelante<br><br>v.<br><br>LUIS ARTURO ZAYAS CHÁVEZ; ANA GONZÁLEZ IBARRA t/c/c ANAÍS GONZÁLEZ IBARRA, t/c/c ANA ZAYAS GONZÁLEZ, t/c/c ANAÍS ZAYAS GONZÁLEZ t/c/c ANNIE GONZÁLEZ Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados | TA2025AP00251 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso número: GB2024CV00471<br><br>Sobre:<br>Cobro de Dinero y Reposesión |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de septiembre de 2025.

Comparece la parte apelante, Banco Popular de Puerto Rico, mediante un recurso de apelación y nos solicita que revoquemos parcialmente la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guaynabo, el 22 de mayo de 2025, notificada el día siguiente. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Demanda* incoada por la apelante en cuanto a la acción de cobro de dinero y No Ha Lugar respecto a la solicitud de orden de reposesión.

Por los fundamentos que exponemos a continuación, se revoca el dictamen apelado.

**I**

El 30 de mayo de 2024, Popular Auto, LLC (Popular Auto), incoó una *Demanda* sobre cobro de dinero y reposesión en contra

de Luis A. Zayas Chávez (Zayas Chávez); Ana González Ibarra t/c/c Anaís González Ibarra t/c/c Ana Zayas González t/c/c Anaís Zayas González t/c/c Annie González y la Sociedad Legal de Gananciales compuesta por ambos (apelados).[1] En síntesis, Popular Auto alegó que, el 4 de marzo de 2019, suscribió con Zayas Chávez un contrato de arrendamiento financiero sobre un vehículo. Señaló que Zayas Chávez incumplió con los términos de dicho contrato y le adeudaba $33,134.49 de principal al 4 de junio de 2024, intereses, costas, cargos y la suma equivalente al treinta por ciento (30%) del total adeudado para honorarios de abogados(as), según pactados en el contrato. Indicó que el vehículo en cuestión se encontraba en un lote de su propiedad y que los términos generales del contrato establecían que la titularidad era suya. Planteó, además, que necesitaba una orden de reposesión y disposición para proceder con la venta de la unidad, según acordado en el contrato, porque Zayas Chávez no firmó los documentos de entrega del vehículo.

La parte apelada fue emplazada oportunamente mediante edicto, publicado el 6 de agosto de 2024 en el periódico Primera Hora. Ante la incomparecencia de los apelados, el 11 de octubre de 2024, Popular Auto solicitó la anotación de la rebeldía,[2] reiterada posteriormente.[3] Atendidas las solicitudes, el 25 de marzo de 2025, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual le anotó la rebeldía a la parte apelada.[4]

El 8 de mayo de 2025, Banco Popular de Puerto Rico (Banco Popular) presentó una *Moción Solicitando Sustitución de Parte* debido a que Popular Auto se fusionó con su compañía matriz, Banco Popular. La mencionada moción fue declarada Ha Lugar al día siguiente.

---

[1] Apéndice 1 del recurso, págs. 1-3.
[2] Entrada Núm. 8 del Caso Núm. GB2024CV00471 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Entrada Núm. 14 del Caso Núm. GB2024CV00471 en el SUMAC.
[4] Entrada Núm. 20 del Caso Núm. GB2024CV00471 en el SUMAC.

Luego de celebrada una vista en rebeldía, el foro primario emitió la *Sentencia*[5] que nos ocupa. En particular, el foro *a quo* determinó que:

> Popular Auto, LLC y Zayas Chávez suscribieron un contrato de arrendamiento de vehículo el 4 de marzo de 2019, identificado con el número 02-500-20221. El contrato relacionado a[l] vehículo Volkswagen Tiguan de 2017, con número de tablilla JDQ-882 y número de serie WVGVV7AX4HW513199.

> La parte demandada incumplió con el contrato de arrendamiento, por lo que adeuda a la parte demandante la suma de $33,502.82 al 9 de mayo de 2025, por concepto de principal, intereses y cargos por demora, más $10,050.85 de costas y honorarios, sumas al presente líquidas y exigibles.

> A pesar de las gestiones de cobro realizadas por la parte demandante, la parte demandada no ha pagado la deuda.

En virtud de lo anterior, el foro juzgador declaró Ha Lugar la *Demanda* en cuanto a la acción en cobro de dinero y ordenó a la parte apelada a satisfacer al Banco Popular las sumas antes indicadas, al interés legal aplicable de ocho punto setenta y cinco por ciento (8.75%). En torno a la solicitud de orden de reposesión, el foro primario declaró No Ha Lugar la acción de epígrafe, toda vez que el Banco Popular estaba en posesión de la unidad desde julio de 2023.

En desacuerdo, el 9 de junio de 2025, Banco Popular presentó una *Moción de Reconsideración de Sentencia,* a los únicos fines de impugnar la denegatoria de la orden de reposesión. [6] Banco Popular alegó que el foro sentenciador incumplió con el mandato establecido en ley, al no dictar la referida orden, luego de concluir que el arrendatario incumplió con el contrato de arrendamiento financiero. Sostuvo que es necesario que se provea la totalidad del remedio solicitado y se dicte la orden de reposesión, para poder disponer del vehículo conforme al trámite establecido en ley.

---

[5] Apéndice 44 del recurso, págs. 1-2.
[6] Entrada Núm. 48 del Caso Núm. GB2024CV00471 en el SUMAC.

Evaluada la postura de la parte, el 7 de julio de 2025, notificada el 10 del mismo mes y año, el *foro de origen* emitió una *Resolución* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[7]

Inconforme, el 18 de agosto de 2025, la parte apelante acudió ante nos mediante el recurso de epígrafe y señaló el siguiente error:

> Err[ó] el Tribunal de Primera Instancia, como cuesti[ó]n de derecho, al declarar No Ha Lugar la Demanda respecto a la Solicitud de Orden de Reposesión, incumpliendo con el mandato del Art[í]culo 25 de la Ley Núm. 76-1994, 10 LPRA [*sic*] 10 L.P.R.A. § 2423[.]

Evaluado lo anterior, ordenamos a la parte apelada presentar su alegato en oposición conforme a la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 45, 215 DPR __ (2025). Ha transcurrido mayor término a lo concedido sin que los apelados hayan acreditado escrito alguno ante esta Curia, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

## II

### A

El arrendamiento financiero o *lease* se encuentra tipificado y regulado por la *Ley para Regular los Contratos de Arrendamiento de Bienes Muebles*, Ley Núm. 76-1994, 10 LPRA sec. 2401 *et seq.* (Ley Núm. 76-1994). Este estatuto provee unas salvaguardas a la parte arrendataria y unas garantías a la parte arrendadora, con el fin de estimular la celebración de este tipo de contrato y lograr con ello el crecimiento del sector privado de la economía.

El contrato de arrendamiento financiero ha sido reconocido en nuestra jurisdicción como una nueva forma de financiamiento, siendo este "un contrato atípico, *sui g[e]neris*, producto de la

---

[7] Entrada Núm. 49 del Caso Núm. GB2024CV00471 en el SUMAC.

realidad cambiante del tráfico mercantil". *Class v. Vehicle Egmnt. Leasing Co.,* 143 DPR 186, 198 (1997) citando a *Meyers Bros. v. Gelco,* 114 DPR 116, 121 (1983). Comúnmente conocido como *leasing,* este tipo de contrato "es un negocio jurídico cuyo contenido está formado por varias declaraciones de voluntad, las cuales producen una relación jurídica entre las partes suscribientes y establecen los términos que la regulan". *Andréu Fuentes y otros v. Popular Leasing,* 184 DPR 540, 553 (2012), citando a *CNA Casualty of P.R. v. Torres Díaz,* 141 DPR 27, 33 (1996).

Como acuerdo contractual, este tipo de contrato produce obligaciones y derechos particulares para cada una de las partes. Por un lado, la parte arrendadora tiene derecho a exigir a la parte arrendataria el pago del precio estipulado, a inspeccionar la utilización y conservación de la unidad arrendada, a reclamar indemnización en algunos casos y a resolver el contrato en caso de incumplimiento de las obligaciones por parte del arrendatario. Asimismo, la parte arrendadora tiene la obligación de adquirir la unidad a ser arrendada del proveedor que escoja la parte arrendataria, informar a ese proveedor de la obligación de entregar la unidad a la parte arrendataria a tiempo y en perfectas condiciones y continuar con el arrendamiento durante el plazo establecido, excepto en los casos en que la parte arrendataria incurra en incumplimiento. *CNA Casualty of P.R. v. Torres Díaz,* supra.

Por su parte, la parte arrendataria tiene el derecho a exigir la entrega de la unidad estipulada y a utilizarla conforme a lo acordado en el contrato, a elegir cualquiera de las opciones disponibles al final del contrato o a adquirir la propiedad de la unidad arrendada en cualquier momento durante la vigencia del contrato, siempre que haya sido pactado y que pague anticipadamente la totalidad de los cánones pendientes y el valor residual. De igual forma, la parte arrendataria queda obligada a pagar los cánones establecidos en el

contrato y a utilizar la unidad con el debido cuidado y diligencia de modo que se garantice su conservación y buen funcionamiento. Tiene, además, el deber de sufragar los gastos de mantenimiento, reparaciones y seguros necesarios y todos los demás gastos y cargas previstas en el contrato. *Íd.*, pág. 34.

Bajo la Ley Núm. 76-1994, *supra,* se considera a la parte arrendadora como la titular del bien y a la arrendataria como su poseedor, quien podrá usarlo y disfrutarlo, siempre y cuando cumpla con las cláusulas estipuladas en el contrato. Sin embargo, cuando la cosa arrendada sea un vehículo de motor, se tendrá como titular a la parte arrendataria, o sea, a quien se le cede la posesión, uso y disfrute del bien mueble objeto del contrato. 10 LPRA sec. 2408.

De otro lado, en lo que aplica directamente al caso de autos, el Artículo 25 de la Ley Núm. 76-1994, 10 LPRA sec. 2423, dispone lo siguiente en casos de incumplimiento:

> (a) En los arrendamientos financieros, el arrendador tendrá la opción de iniciar un procedimiento de reposesión presentado ante el secretario del tribunal con competencia en el caso, una declaración escrita y jurada haciendo constar que el arrendatario no ha cumplido con los términos del contrato de arrendamiento.
>
> (b) Al recibirse la declaración jurada y la copia del contrato de arrendamiento, el secretario del tribunal cobrará los derechos establecidos en las secs. 1476 et seq. del Título 32, y citará a las partes interesadas por escrito para una audiencia que tendrá lugar ante el tribunal competente dentro de los (10) días siguientes a la fecha de citación, para conocer el caso.
>
> (c) En dicha audiencia el tribunal determinará si el arrendatario no ha cumplido con los términos del arrendamiento, en cuyo caso dictará una orden, disponiendo que el alguacil incaute del bien arrendado, el cual entregará al arrendador, sujeto a las disposiciones de este capítulo. El alguacil consignará al dorso de la declaración jurada el hecho de la ocupación y de la entrega del referido bien arrendado, describiéndolo detalladamente y entregará al arrendatario una copia de la declaración jurada y del diligenciamiento al dorso de la misma en la cual consignará el lugar, día y hora de la ocupación y remitirá los originales al secretario del tribunal. Al recibir el alguacil del tribunal la declaración jurada antes mencionada, cobrará por los derechos la cantidad dispuesta en las secs. 1476 et seq. del Título 32, que cancelará en sellos de rentas internas, y cuya

cantidad incluye los de anotación del asunto en la Secretaría del Tribunal.

[...]

El tribunal, además, dictará sentencia condenando a la parte arrendataria al pago de las partidas que correspondan en virtud de la contratación, y las dispuestas por la Ley Núm. 76-1994, *supra.*

Es importante destacar que, adicional a la información requerida en todo contrato de arrendamiento por la Ley Núm. 76-1994, *supra,* los términos y condiciones del arrendamiento financiero varían *lease to lease. Andréu Fuentes y otros v. Popular Leasing,* supra, pág. 555; Véase, 10 LPRA sec. 2403. Sin embargo, no debe pasarse por alto que el arrendamiento financiero tiene la finalidad de recuperar la inversión total de la parte arrendadora e "impedir que la pérdida de la unidad arrendada se convierta en una pérdida financiera para el arrendador". *Íd.*, pág. 556, citando a *CNA Casualty of P.R. v. Torres Díaz,* supra, pág. 36.

En esa línea, el Artículo 26 de la Ley Núm. 76-1994, 10 LPRA sec. 2424, dispone el procedimiento para la venta de los bienes en los arrendamientos financieros. Establece que,

> Cuando el arrendatario incumpla con el arrendamiento y el **arrendador obtiene la posesión del bien arrendado, sea mediante entrega voluntaria o reposeído por vía judicial,** [e]ste podrá recibir ofertas de compra de terceros y notificará de las mismas al arrendatario mediante carta certificada. El arrendatario tendrá un per[i]odo de quince (15) días para mejorar la oferta y adquirir el bien o pagar lo adeudado. Transcurrido dicho término y el arrendatario no mejorare la oferta, el arrendador procederá a vender el bien a la persona que haya hecho la mejor oferta o establecer un arrendamiento por dicha suma. Si luego que el arrendador obtuviere la posesión del bien arrendado, [e]ste no lograre obtener ofertas de compra de terceros dentro de un término de quince (15) días, notificará de este hecho al arrendatario y le otorgará un per[i]odo de (15) días para que consiga un comprador o pague lo adeudado. Los términos aquí establecidos podrán variar de acuerdo a lo pactado solamente en aquellos arrendamientos que no sean de consumo.
>
> Si existe un beneficio por la diferencia entre el valor realizado y el balance adeudado por el arrendatario, el arrendador pagará la diferencia al arrendatario. Por el contrario, si existe una deficiencia por la diferencia entre la cantidad a recibirse por la venta y el balance adeudado por el arrendatario, [e]ste pagará dicha diferencia al arrendador. (Énfasis nuestro).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En su único señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al declarar No Ha Lugar la *Demanda* en cuanto a la solicitud de orden de reposesión. Sostiene que, a pesar de que tiene la posesión física del vehículo, no puede disponer del mismo conforme a la Ley, pues no se obtuvo dicha posesión según los mecanismos establecidos en ley. Entiéndase, mediante entrega voluntaria o reposesión por vía judicial.

Luego de un examen sosegado del expediente ante nos, resolvemos que el Tribunal de Primera Instancia erró en su determinación. Nos explicamos.

Conforme al Artículo 25 de la Ley Núm. 76-1994, *supra*, el procedimiento de reposesión dispone que el tribunal dictará una orden para que el alguacil incaute el bien arrendado. El precitado estatuto especifica que, al dorso de la declaración jurada presentada por la parte arrendadora, el alguacil debe consignar el hecho de la ocupación y la entrega del referido bien arrendado, describiéndolo detalladamente. Además, dispone que el alguacil deberá entregar a la parte arrendataria una copia de la declaración jurada y del diligenciamiento al dorso de la misma, en la cual consignará el lugar, día y hora de la ocupación y remitirá los documentos originales al secretario del tribunal. Además, el tribunal dictará sentencia condenando al arrendatario al pago de las partidas correspondientes.

En cuanto a la venta del bien arrendado, el Artículo 26 de la referida ley establece que, cuando la parte arrendataria incumple con el arrendamiento y la arrendadora obtiene la posesión del bien arrendado, sea mediante entrega voluntaria o reposeído por vía judicial, este puede recibir ofertas de compra de terceros y notificar

las mismas al arrendatario a través de carta certificada. El mencionado artículo presupone que la posesión por parte del arrendador se puede adquirir mediante dos (2) mecanismos, ya sea, por (1) entrega voluntaria o (2) reposesión por vía judicial.

En el caso ante nos, la apelante cumplió con lo dispuesto en el Artículo 25 de la Ley Núm. 76-1994, *supra*, pues, presentó junto a su *Demanda* una *Declaración Jurada*[8] donde hizo constar que la parte arrendataria incumplió con los términos del contrato de arrendamiento. Presentada la *Declaración Jurada*, el tribunal de instancia debía dictar una orden para que el alguacil pueda realizar la ocupación y entrega del bien arrendado al apelante como parte del proceso de reposesión. Sin embargo, en el caso de autos el foro primario declaró No Ha Lugar la *Demanda* respecto a la solicitud de orden de reposesión, lo cual imposibilita que el alguacil pueda realizar la ocupación y entrega del bien arrendado y así cumplir con los requisitos establecidos en el Artículo 26 del precitado estatuto para la venta del bien.

Ahora bien, surge de la *Sentencia* apelada que el fundamento del foro de origen para denegar la mencionada solicitud es que el apelante está en posesión de la unidad en controversia desde julio de 2023, ya que esta se encuentra físicamente en un lote perteneciente a este. No obstante, del expediente surge que la reposesión física de la unidad la realizó una persona autorizada por Popular Auto, en el Municipio de Guaynabo, lo cual consta en un *Informe de Incidencia de Reposesión*[9]. Esta reposesión, aunque colocó al apelante en posesión física de la unidad objeto del contrato, no constituye una reposesión según los mecanismos dispuestos en Ley. Para cumplir con lo previsto en la Ley Núm. 76-1994, *supra*, el apelante debe obtener la posesión del bien arrendado, ya sea

---

[8] Entrada Núm. 1, del caso núm. GB2024CV00471 en el SUMAC.
[9] Entrada Núm. 22, del caso núm. GB2024CV00471 en el SUMAC.

mediante entrega voluntaria o reposesión por vía judicial. En este caso, no ocurrió ninguna de las anteriores.

Al examinar los hechos del caso, resulta inadecuada la determinación del foro primario al determinar que la orden de reposesión resultaba innecesaria porque el apelante tiene la posesión física del bien mueble, objeto del contrato de arrendamiento financiero. En conclusión, se cometió el error señalado.

En fin, al evaluar concienzudamente el expediente a la luz de la ley aplicable, determinamos que el Tribunal de Primera Instancia tenía que conceder la orden de reposesión por vía judicial solicitada por la parte apelante para que esta tome posesión legal del bien en cuestión. En virtud de ello, procede revocar el dictamen apelado.

**IV**

Por los fundamentos que anteceden, revocamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones